# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

TRAVIS LIKE,                    )
                                )
       Plaintiff,           )
                                )
   v.                           )     No. 1:15CV172 ACL
                                )
IAN WALLACE, et al.,            )
                                )
       Defendants.          )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $2.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

The named defendants are Ian Wallace, Warden, Southeast Correctional Center ("SECC"); Dwayne Kempker, Deputy Division Director, Missouri Department of Corrections; and Donna Wigfall, Functional Unit Manager, SECC.

Plaintiff alleges that on October 26, 2014, defendant Wigfall sent an administrative segregation extension request to defendant Kempker. He maintains that Wigfall violated prison policy by doing so. He says that Wigfall was supposed to send it to defendant Wallace first, so that Wallace could change it or approve it.

Plaintiff says that on January 16, 2015, Wigfall cancelled his doctor's order that he be given soap, shampoo, and lotion for his chronic rashes. He says she provided him with only a small amount of soap, which caused his skin to break out.

Plaintiff claims that on August 26, 2015, Wallace ordered that his towels be removed from his cell. He says he was not able to wash in the morning or after recreation as a result. And he says he was only able to wash is body every third day. He also says that the officers also took his personal property, such as his paper and stamps.

Plaintiff asserts that Kempker rejected his grievances, thereby violating his rights.

## Discussion

The Court finds that plaintiff's hygiene claims are sufficiently plausible to order service on defendants Wigfall and Wallace.

The Eleventh Amendment prohibits damage actions against state officials acting in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989).

Consequently, plaintiff's claims against Wigfall and Wallace in their official capacities are barred, and the Court will dismiss them.

Plaintiff's claim that Wigfall did not follow the prison's policy with respect to administrative segregation extensions does not state a viable claim. Policy violations, in and of themselves, do not rise to the level of constitutional violations.

Plaintiff's claim against Kempker fails to state a claim upon which relief can be granted. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Finally, plaintiff's claim against Wallace for depriving him of his personal property fails to state a plausible claim. *See Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004) (no due process violation cognizable under § 1983 because Missouri provides adequate postdeprivation remedy of replevin); *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) ("To state a claim for denial of access to the courts, inmates must assert that they suffered an actual injury to pending or contemplated legal claims.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $2.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Ian Wallace and Donna Wigfall in their individual capacities. Defendants are employees of the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that plaintiff's claims against Dwayne Kempker, his official-capacity claims, his prison policy claim, and his claim regarding the deprivation of property are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 22nd day of December, 2015.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE