UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRAVIS LIKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15CV172 ACL |
| | ) |
| IAN WALLACE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Travis Like, an inmate at the Southeast Correctional Center ("SECC"), brought this action *pro se* under 42 U.S.C. § 1983 against officials at SECC, alleging violations of his constitutional rights. This matter is before the Court on Defendants' Motion for Summary Judgment. (Doc. 25.) For the following reasons, the Court will grant Defendants' Motion for Summary Judgment.

**I. Background**

In his Complaint, Like names Ian Wallace, warden at SECC at all times relevant to this action; and Donna Wigfall, Functional Unit Manager at SECC, as Defendants.[1] Like alleges that Defendant Wigfall violated his Eighth Amendment rights by depriving him of soap, shampoo, and lotion in January of 2015. (Doc. 5 at p. 6.) He also alleges that Defendant Wallace violated his Eighth Amendment rights by ordering the removal of towels from Like's cell on August 26, 2015. *Id.*

---

[1]The Court previously dismissed Like's claims against Dwayne Kempker, as well as Like's official capacity claims, violation of prison policy claim, and claim regarding the deprivation of property. (Doc. 8.)

In their Motion for Summary Judgment, Defendants argue that there are no genuine issues of material fact, and they are entitled to judgment as a matter of law. Defendants further argue that they are entitled to qualified immunity.

Like did not respond to Defendants' Motion for Summary Judgment and the time for doing so has expired.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910–11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Like did not respond to Defendant's Statement of Material Facts (Doc. 27), as required under Federal Rule of Civil Procedure ("FRCP") 56 and Local Rule 4.01(E). Like's status as a *pro se* prisoner does not excuse him from responding to Defendants' Motion "with specific factual support for his claims to avoid summary judgment," or from complying with local rules. *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001). With his failure to respond, Like is deemed to

2

have admitted all of the facts in Defendants' statement of uncontroverted facts. *Turner v. Shinseki*, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. Jun. 22, 2010) (citing *Deichmann v. Boeing Co.*, 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), *aff'd* 232 F.3d 907 (8th Cir. 2000), *cert. denied*, 531 U.S. 877).

Summary judgment is not granted in favor of Defendants as a result of Like's failure to properly respond to Defendants' statement of material facts. Instead, the Court deems the facts set forth by Defendants as true. *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006). Defendants must still establish that they are entitled to judgment as a matter of law. *See id.*

### III. Facts[2]

Like was housed in Housing Unit 1 ("HU 1") at SECC from March 6, 2014, until November 19, 2015, which includes all times relevant to Like's claims. HU 1 houses offenders who have demonstrated the inability to adhere to unit rules, which has resulted in long-term segregation assignment; offenders who are assaultive towards staff or other offenders; offenders who cannot control their behavior due to mental health issues; or offenders who require single cell assignments. Offenders are placed in HU 1 because they pose the greatest threat to the safety and security of SECC. The most restrictive property limits are placed on offenders in HU 1 due to these safety and security threats. Offenders in HU 1 are not permitted to have any property that could pose a safety or security risk to themselves, other offenders, or the staff at SECC.

SECC Standard Operating Procedure ("SOP") 21-1.2 sets the policy on which items of property are permitted for offenders in HU 1. SECC SOP 21-1.2 states that offenders in HU 1

---

[2]The Court's recitation of the facts is taken from Defendants' Statement of Material Facts. (Doc. 27.)

3

are only permitted one bar of state-issued soap at a time, to be distributed once per week. The non-state-issued bars of soap available for purchase to offenders outside of HU 1 are larger than the state-issued soap. The larger non-state-issued bars of soap can create a safety and security risk to those offenders in HU 1. Given the violent nature of offenders, an offender could potentially hollow out the soap in order to hide contraband, or potentially use the large bar of soap as a weapon. The only reason an offender in HU 1 would be permitted to possess non-state-issued soap would be if he had written documentation indicating that he could not use state-issued soap due to medical reasons.

Like received state-issued soap on a weekly basis during the entirety of the relevant time period. If Like required more soap in order to maintain good hygiene, and asked for it, staff members at SECC were expressly permitted to supply him with more soap. Like admits he never asked for additional soap. Defendant Wigfall never received any communication from Like, or any staff member, that Like requested more soap. Wigfall never took any hygiene items away from Like. Like's only medical lay-ins stated that he could purchase soap from the Canteen, but did not state that he could not use the state-issued soap. Like did not have any medical documentation stating that he was unable to use state-issued soap due to medical reasons. On November 19, 2015, when Like was moved from administrative segregation to general population, any dry and chafing skin went away.

Towels can create a safety and security issue in HU 1 because offenders may use them to cover the window of their cell, jam cell doors in order to prevent them from opening, or a number of other scenarios. Because of these safety and security risks, and because of the higher security threat posed by offenders in HU 1, towels are not permitted to be kept in the cells of offenders. Towels are only provided to offenders immediately after showering, and then they

must be returned. Like could use towels during and immediately after showers. He was never prevented from using a towel to dry off after a shower.

## IV. Discussion

Defendants first argue that they are entitled to summary judgment because Like fails to establish a claim for unconstitutional conditions of confinement. They next argue that Like fails to state a claim for deliberate indifference to serious medical needs. Defendants also contend that their enforcement of SECC's policies was reasonably related to legitimate penological interests. Defendants argue that Like's claim against Defendant Wallace based upon respondeat superior fails as a matter of law. Finally, Defendants contend that they are entitled to qualified immunity because Like fails to show the violation of a clearly established right. The undersigned will discuss these claims in turn.

### A. Conditions of Confinement

Like contends that Defendant Wigfall violated his Eighth Amendment rights by depriving him of soap, shampoo, and lotion. Like argues that Defendant Wallace ordered officers to confiscate his towels.

**1. Defendant Wigfall**

Like states that Wigfall implemented a new policy in January 2015 prohibiting offenders in HU 1 from purchasing non-state-issued soap from the Canteen. He claims that the state-issued soap he was issued caused dry skin and "rashes between the folds of my body." (Doc. 5 at p. 6.) Like also states that the bar of state-issued soap did not last the full week.

The Eighth Amendment prohibits "cruel and unusual punishments," and requires that prison officials provide humane conditions of confinement. U.S. Const. amend. VIII; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Punishment is cruel and unusual if it "'deprive[s] inmates

5

of the minimal civilized measure of life's necessities.'" *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Although the Constitution "does not mandate comfortable prisons," *Rhodes*, 452 U.S. at 349, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *see also Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994) ("[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time.") (quoting *Howard*, 887 F.2d at 137).

To establish that his conditions of confinement violated the Eighth Amendment, Like must show that "(1) the alleged deprivation was 'objectively, sufficiently serious,' resulting 'in the denial of the minimal civilized measure of life's necessities,' and (2) that the prison officials were deliberately indifferent to 'an excessive risk to inmate health or safety,' meaning that the officials actually knew of and disregarded the risk." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer*, 511 U.S. at 834, 837). A prisoner asserting a conditions of confinement claim must identify the "deprivation of a single, identifiable human need such as food, warmth, or exercise," *Wilson v. Seiter*, 501 U.S. 294, 304 (1991), and "the risk that the prisoner complains of [must] be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Like fails to demonstrate his conditions of confinement violated the Eighth Amendment. SECC policy, specifically SOP 21-1.2, provided that offenders in HU 1 were permitted one bar of state-issued soap per week due to safety and security concerns. It was Defendant Wigfall's duty, as Functional Unit Manager, to enforce this policy. Like acknowledges that this policy was

applied to all offenders in HU 1, and that no offenders were permitted to purchase any Canteen items. (Doc. 26-3 at p. 8.)

It is true that repeated deprivation of hygiene supplies violates inmates' Eighth Amendment rights. *Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996) (citation omitted). In this case, however, Like admits that he was provided with one bar of soap every week during the relevant period. Although Like contends that the bar of soap did not last the entire week, he testified that he never asked staff for additional soap. (Doc. 26-3 at p. 10.) If Like required more soap in order to maintain good hygiene, and asked for it, staff at SECC were expressly permitted to supply him with more soap. (Doc. 26-2 at p. 3.) Thus, Like has not shown that he was deprived of hygiene supplies.

Similarly, Like's claim that he was denied the ability to purchase soap, shampoo, and lotion from the Canteen does not rise to the level of a constitutional violation. *See Scher v. Purkett,* 758 F. Supp. 1316, 1316 (E.D. Mo. 1991) ("Items such as shampoo and deodorant may enhance one's beauty, appearance, and level of personal hygiene;" however, the denial of these toiletries does not violate the Constitution.) Like testified that the state-issued soap caused dry skin and a rash, both of which went away when he was moved from administrative segregation to general population. (Doc. 26-3 at p. 6.) These alleged injuries are de minimis, and are not sufficient to support a constitutional violation. *See Dundee v. Rambo,* No. 4:08-CV-4127, 2011 WL 776161, at * 8 (W.D. Ark. Feb. 3, 2011) (rash caused by dirty clothing, combined with a lack of towel, underwear, and socks, were not Constitutional violation); *Henderson v. Greeley*, 6:13-CV-06137, 2015 WL 1280312, at *13 (W.D. Ark. Mar. 20, 2015) (boils from lack of linens, towels, and soap dispenser "*de minimis* injury at most").

Thus, Like's conditions of confinement claim against Defendant Wigfall fails.

7

### 2. Defendant Wallace

Like alleges that Wallace "ordered his officers to come in my cell and confiscate my face/wash towel and my dry towel." (Doc. 5 at p. 6.) Like argues that, as a result, he was unable to wash his face in the morning or after recreation.

The undisputed facts in this case fail to establish a claim against Defendant Wallace for unconstitutional conditions of confinement. Like admitted in his deposition that he was provided with towels during showers. (Doc. 26-3 at 36-37.) He does not claim that he was ever prevented from using a towel to dry off during or immediately following a shower. Rather, his only claim is that he was prohibited from keeping a towel in his cell. Towels are not permitted to be kept in the cells of offenders in HU 1, due to safety and security risks. Like's inability to keep a towel in his cell, while an inconvenience, does not rise to the level of a constitutional violation. Defendants are, therefore, entitled to summary judgment on Like's conditions of confinement claim against Defendant Wallace.

To the extent Like's allegations may be construed as a challenge to Defendants' enforcement of SECC's policies, this claim also fails. "It is not the role of the federal courts to micromanage state prisons." *Hosna v. Groose*, 80 F.3d 298, 303 (8th Cir. 1996). "Prison regulations may infringe upon prisoners' constitutional rights so long as such regulations are reasonably related to legitimate penological interests." *Goff v. Graves,* 362 F.3d 543, 549 (8th Cir.2004) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)).

SECC's policies regarding soap and towels are both based on special safety and security concerns presented by HU 1 offenders. SECC has a legitimate penological interest in maintaining security for inmates housed in administrative segregation. Because large bars of

soap and towels in cells create security concerns, the prohibition of these items is reasonably related to SECC's legitimate penological interest.

B.     **Deliberate Indifference to Serious Medical Needs**

Defendants next argue that, to the extent Like's Complaint is construed to plead an Eighth Amendment claim for deliberate indifference to serious medical needs, his claim fails. The undersigned agrees.

"To establish a claim of deliberate indifference to serious medical needs under § 1983, [Plaintiff] must demonstrate that he suffered from an objectively serious medical need and that [the officials] actually new of but deliberately disregarded the need." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

Under the subjective prong, "the evidence must show that the officers recognized that a substantial risk of harm existed *and* knew that their conduct was inappropriate in light of that risk." *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009) (emphasis in original). Deliberate indifference constitutes more than mere negligence. *Farmer*, 511 U.S. at 835. Generally, the actor manifests deliberate indifference by "'intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed.'" *Krout*, 583 F.3d at 567 (quoting *Pietrafeso v. Lawrence Cnty.*, 452 F.3d 978, 983 (8th Cir. 2006)).

Like fails to demonstrate he had a serious medical need. He complains of suffering from dry skin and rashes between the folds of his body. Yet he offers no verifiable medical evidence of any medical diagnosis. Like makes reference to a medical lay-in order; however, a lay-in

9

order "is not the same as showing a serious medical condition." *Rothman v. Lombardi,* No. 4:11-CV-639 CEJ, 2011 WL 1743831, at *2 (E.D. Mo. May 4, 2011). The medical lay-ins only stated that he could purchase soap from the Canteen, but did not state that he could not use the state-issued soap. (Doc. 26-5 at p. 2-3.) Like did not have any documentation stating that he was unable to use state-issued soap due to medical reasons. Further, Like's dry skin and occasional rashes would not be so obvious that a lay person would recognize the condition as a serious medical need.

Accordingly, Defendant Wigfall is entitled to judgment as a matter of law with respect to Like's deliberate indifference to serious needs claim.

**C.     Respondeat Superior Claims against Wallace**

Defendants argue that any claims against Defendant Wallace based on supervisory liability, or respondeat superior, fail as a matter of law.

At his deposition, Like admitted that he named Wallace as a Defendant in this case because he is "head of the institution," and "everything goes through him." (Doc. 26-3 at p. 12.) Like further testified that Wallace "denied his grievance." *Id.* at p. 13.

Respondeat superior is unavailable under 42 U.S.C. § 1983. *See Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff fails to allege the defendant was personally involved in or directly responsible for incidents that injured the plaintiff). "A general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad,* 73

F.3d 174, 176 (8th Cir. 1995). Moreover, the "denial of a grievance, by itself, does not rise to a constitutional violation." *Watson v. Moore*, 4:15CV1241 AGF, 2015 WL 9303106, at *3 (E.D. Mo. Dec. 22, 2015). Thus, Defendant Wallace is entitled to summary judgment on Like's claims.

Defendants also argue that they are entitled to qualified immunity. Having found that Defendants are entitled to summary judgment on the merits of plaintiff's § 1983 claims, it is unnecessary to determine whether qualified immunity also applies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 25) is **granted**. A separate Judgment in favor of Defendants will accompany this Memorandum and Order.

Dated: May 11, 2017

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE